## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS

LYNETTE R. JACKSON,

Plaintiff,

V.

Case No. 20-cv-413-SPM

AMERICAN WATER CO.,

Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, American Water Co. ("American Water"). For the reasons set forth below, the Court GRANTS the Motion to Dismiss.

## BACKGROUND

On February 25, 2020, plaintiff, Lynette Jackson ("Jackson"), filed her *pro se* complaint against defendant American Water Co. ("American Water) in the Eastern District of Missouri. (Doc. 1). Within her complaint, Jackson claims she was hired by American Water as a billing specialist on or about September 24, 2002.[1] (Doc. 18). Jackson sserts that she was wrongfully terminated in May of 2016 but reinstated in January of 2018. (*Id.*). Her complaint is brought pursuant to Title VII of the Civil Rights

---

[1] The facts set forth in Plaintiff's Complaint, as well as underlying Charge of Discrimination, are deemed true and accurate for purposes of the Motion to Dismiss.

Act of 1964, and she alleges that the terms and conditions of her employment differ from those of similar employees, retaliation and harassment. (Doc. 1).

Jackson claims that the discrimination occurred between January 5, 2018 and December 6, 2019. (*Id.*). She filed a charge of discrimination against American Water with the Equal Employment Opportunity Commission on August 26, 2019. (Doc. 18). A right to sue letter was issued on January 15, 2020. (Doc. 1-1). At the same time, Jackson also filed motions for leave to appoint counsel and to proceed *in forma pauperis*. (Docs. 2, 3). On April 20, 2020, a Memorandum and Order of Transfer was filed in the Eastern District of Missouri, provisionally granting *in forma pauperis* status and transferring this case to this Court, where venue was proper. (Doc. 5). Specifically, 42 U.S.C. § 2000e - 5(f)(3) states that Title VII claims may properly be brought in any judicial district in which: (1) "the unlawful employment practice is alleged to have been committed; (2) the employment records relevant to such practices are maintained and administered; or (3) the aggrieved person would have worked, but for the alleged unlawful employment practice". (*Id.*)  Under all three provisions, venue was/is proper in this district. (*Id.*)

On May 5, 2020, this case was received from the Eastern District of Missouri and correspondence was sent to Jackson advising her of recent developments. (Docs. 6-7). On June 12, 2020, Jackson's *in forma pauperis* status was permanently granted, but her motion for appointment of counsel was denied. (Docs. 11-12). On June 29, 2020, Jackson filed another motion for appointment of counsel, which she supplemented on August 11, 2020; however, said motion was denied on December 9, 2020. (Docs. 13, 16 and 24). On August 14, 2020, American Water Co. filed a motion to dismiss, along with

memorandum of law in support thereof. (Docs. 17-18). On August 20, 2020, Jackson filed a response to motion to dismiss. (Doc. 20).

On December 8, 2020, this Court addressed the fact that American Water had not yet been served nor had they entered an appearance prior to filing the Motion to Dismiss, which was in violation of Local Rule 83.1(f). (Doc. 22). On December 9, 2020, this Court denied the motion for recruitment of counsel as hereinbefore mentioned, but granted motion for service of process at government expense. (Doc. 24). On December 8, 2020, counsel for American Water entered their appearance, and on December 11, 2020 waiver of service was filed with this Court. (Docs. 23, 26). On December 21, 2020, this Court entered a Notice and Order regarding the foregoing service and allowing American Water until January 8, 2021 to file a reply regarding the previously filed motion to dismiss. (Doc. 27).  The time has expired making this matter ripe for ruling.

## LAW

### Rule 12(b)(6) of the Federal Rules of Civil Procedure

The purpose of a Rule 12(b)(6) motion to dismiss is not to decide the merits of the case; instead, a Rule 12(b)(6) motion tests the sufficiency of the complaint. *Gibson v. City of Chicago,* 910 F.2d 1510 (7th Cir. 1990). When reviewing a motion to dismiss under Rule 12(b)(6), the Court takes as true all factual allegations in plaintiff's complaint and draws all reasonable inferences in their favor. *Killingsworth v. HSBC Bank Nevada, N.A.,* 507 F.3d 614 (7th Cir. 2007)

Plaintiff was and is *pro se*. Courts generally construe *pro se* claims generously, accepting as true the factual allegations and liberally construing them in plaintiff's favor. *Buechel v. United States,* 746 F.3d 753 (7th Cir. 2014); *Turley v. Rednour*, 729

F.3d 645 (7th Cir. 2013). Conclusory statements and labels; however, are not enough, and the complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418 (7th Cir. 2013). "Plausibility is not a synonym for probability in this context but asks for more than a sheer possibility that a defendant has acted unlawfully." *West Bend Mut. Ins. Co. v. Schumacher,* 844 F.3d 670 (7th Cir. 2016). In other words, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.,* 614 F.3d 400 (7th Cir. 2010). Instead, the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* at 404.

### Title VII of the Civil Rights Act of 1964

Title VII prohibits employers from discriminating against employees because of their race, color, religion, sex or national origin. 42 U.S.C. § 2000e-2(a)(1). A Title VII discrimination claim requires a showing that an adverse employment action was motivated by discriminatory animus. *Boss v. Castro,* 816 F.3d 910 (7th Cir. 2016). The statute also forbids employers from retaliating against employees for complaining about prohibited discrimination and subjecting an employee to a hostile work environment. *Id.* at 917.

In order to bring a Title VII claim, a plaintiff must first file a charge with the EEOC detailing the alleged discriminatory conduct, and the EEOC must issue a right to sue letter. *Conner v. Illinois Dep't of Nat. Res.*, 413 F.3d 675 (7th Cir. 2005). The claims brought in the lawsuit must then be "within the scope of the charges filed with the EEOC", and "must, at a minimum, describe the same circumstances and

participants". *Rush v. McDonald's Corp.,* 966 F.2d 1104 (7th Cir. 1992).

## ANALYSIS

Here, Jackson's claim that she was discriminated against because of her race and color "could encompass a wide range of unlawful practices." *Gaytan v. City of Chicago,* No. 11-CV-8624, 2012 WL 2597932 (N.D. Ill. July 5, 2012). Because Jackson can only proceed on claims that are within the scope of her EEOC charge, the Court must look to the factual allegations in the EEOC charge to determine the scope of the legal claims in federal court. *Id.*

Jackson filed a claim with the EEOC on August 26, 2019 where she claimed she was wrongfully terminated until her reinstatement in January 2018, when she claims harassment began. (Doc. 18). She says the harassment was constant by her supervisor, who was Caucasian and that she complained that two women were following her at work, although she does not identify race of the women. (*Id.*). Her EEOC is generic and does not provide specific conduct or dates where conduct occurred. (*Id.*).

The Complaint is generic as well. Jackson does not provide any particulars regarding her allegations. (Doc. 1, p. 5). The Complaint states she was "terminated wrongfully" in May of 2016, but won her job back 12/19/17, right before arbitration, but gives no background or specifics as to the circumstances surrounding the termination. (*Id.*).

The factual allegations in the Complaint are just too bare bones to state a claim. Jackson alleges she was subject to "harassment", "bullying", "inadequate training", "write ups", "denied a transfer", "taxed unfairly", "threatened" and "targeted", but again, she does not satisfy the elements of a Title VII claim. (*Id.*).

## CONCLUSION

While it is true that a Complaint need only allege sufficient facts to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), a plaintiff cannot simply put a few words and phrases on paper to suggest that something illegal might have happened. *Swanson, 614 F.3d at 403.* At this time, plaintiff has not alleged enough to state a cause of action under Title VII against American Water.

For these reasons, the Complaint is dismissed without prejudice for failure to state a claim. The Court GRANTS plaintiff, Lynette Jackson leave to file an Amended Complaint on or before February 16, 2021. Jackson is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under Rules & Forms" – "For Self Help/ProSe Parties").

**IT IS SO ORDERED.**

**DATED:  January 14, 2021**

<u>**s/ Stephen P. McGlynn**</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**