IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF ILLINOIS

LYNETTE R. JACKSON,

       Plaintiff,

V.

AMERICAN WATER
CO.,

       Defendant.

Case No. 20-cv-413-SPM

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Pending before the Court is a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed by Defendant, American Water Works Service Company, Inc., incorrectly named as American Water Co. ("American Water"). For the reasons set forth below, the Court DENIES the Motion to Dismiss.

### BACKGROUND

On February 25, 2020, plaintiff, Lynette Jackson ("Jackson"), filed her *pro se* complaint against defendant American Water Co. (Doc. 1). The complaint was brought pursuant to Title VII of the Civil Rights Act of 1964, and Jackson complained of retaliation, harassment and that the terms and conditions of her employment differed from those of similar employees (Doc. 1, p. 4).

On August 14, 2020, American Water filed a motion to dismiss, along with memorandum of law in support thereof. (Docs. 17-18). On August 20, 2020, Jackson

filed a response to motion to dismiss. (Doc. 20). On December 21, 2020, this Court entered a Notice and Order granting American Water until January 8, 2021 to file a reply regarding the previously filed motion to dismiss. (Doc. 27).

On January 14, 2021, this Court granted American Water's motion to dismiss, but also granted Jackson leave to file an amended complaint (Doc. 30). On February 12, 2021, Jackson filed her amended complaint, asserting employment discrimination under Title VII of the Civil Rights Act on the basis of race and color, as well as claims under the Americans with Disabilities Act ("ADA") (Doc. 31).

On March 3, 2021, American Water filed its motion to dismiss amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 34). In the memorandum of law in support of motion to dismiss, American Water claims the Jackson has not exhausted her administrative remedies and has not alleged the elements of the causes of action and/or facts to support each each of the elements to support the causes of action (Doc. 35). On April 12, 2021, this Court entered an Order to Show Cause as Jackson had not yet responded to the motion to dismiss (Doc. 38). On April 26, 2021, Jackson filed her response to motion to dismiss (Doc. 39). Any reply should have been received before May 10, 2021; as such, this matter is ripe for review.

## ANALYSIS

American Water seeks dismissal of Jackson's amended complaint and argues that she failed to allege a cause of action for which relief can be granted (Doc. 34). The amended complaint is not a model of clarity. It is not separated into claims or

counts like a typical complaint submitted by counsel. Jackson is not represented, and pro se pleadings are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp, v. Twombly,* 550 U.S. 544, 555-556 (2007). Furthermore, a document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

According to Rule 8 of the Federal Rules of Civil Procedure, a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. In other words, a plaintiff need not allege in detail every fact and legal conclusion she deems relevant, nor need to set out every allegation in separate paragraphs. *See Ho v. Motorola, Inc.,* 2008 WL 4542951 (N.D.Ill. May 2, 2008). She need only state, in the plainest of words, her case, and why she is entitled to relief. *Id.*

As applied in the employment context, a statement such as, "I was turned down for a job because of my race", was sufficient to allege racial discrimination. *See Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998). Comparing Bennett's

statement to the facts alleged by Jackson in her amended complaint, it is clear that she has met the test. What's more, Bennett also reminds us that "a complaint is not required to allege all, or any, of the facts logically entailed by the claim … a plaintiff does not have to plead evidence, and a complaint does not fail to state a claim merely because it does not set forth a complete and convincing picture of the alleged wrongdoing." *Bennett,* 153 F.3d at 518, *quoting American Nurses' Ass'n v. Illinois,* 783 F.2d 716, 727 (7th Cir. 1986). A complaint need not even identify the correct legal theory. *Bennett,* 153 F.3d at 518.

The Federal Rules reject the approach that pleading is a game of skill in which one misstep may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, citing Conley v. Gibson,* 355 U.S. 41 (1957). To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley,* 355 U.S. at 47.

Here, Jackson's claims sufficiently comply with the pleading requirements. She has set forth a jurisdictional basis, a statement that she was discriminated against, and a request for damages (Doc. 31). That is enough.

## CONCLUSION

For these reasons, Defendant American Water Works Service Company, Inc.'s (incorrectly named as American Water Co.) Motion to Dismiss (Doc. 34) is denied, and

American Water is granted up to and including June 22, 2021 to answer the amended complaint.

For purposes of responding to the Amended Complaint; however, the Court divides Jackson's claims into the following counts:

Count I: Retaliation under Title VII of the Civil Rights Act of 1967;

Count II: Race and/or national origin discrimination under Title VII of the Civil Rights Act of 1967 and 42 U.S.C. §1981; and,

Count III: Discrimination under the Americans with Disabilities Act of 1990.

**IT IS SO ORDERED.**

**DATED:   June 1, 2021**

s/ Stephen P. McGlynn
STEPHEN P. McGLYNN
U.S. District Judge
